**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-11<br><br>Plaintiff,<br><br>v.<br><br>DAE SUNG SHIM, *et. al.*,<br><br>Defendants. | Civil Action No.: 2:25-cv-14879<br><br><br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on Plaintiff, HSBC Bank, USA's ("HSBC" or "Plaintiff") motion to strike pursuant to Federal Rule of Civil Procedure 12(f), or in the alternative to remand, Sung Ho Mo ("Mo") and Dae Sung Shim's ("Shim" and, collectively with Mo, "Defendants") second amended notice of removal of this action from the Superior Court of New Jersey, Chancery Division, Passaic County. ECF Nos. 8, 10. The Court decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

**WHEREAS** Rule 12(f) permits a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f). "The purpose of a Rule 12(f) motion to strike is to clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters." *Liu v. EB5* Glob. SF, LLC, No. CV 24-564, 2025 WL 1937049, at *7 (D. Del. July 15, 2025) (quotation omitted). Although courts can, as Plaintiff seeks here, strike or

dismiss an entire pleading, Plaintiff also seeks in the alternative to remand this matter.  Given the circumstances herein, the Court will grant Plaintiff's alternative relief; and

**WHEREAS** this case arises from "never-ending appeals and motions" that "stem from what should be relatively straightforward foreclosure proceedings." *In re Mo*, No. 22-05796, 2023 WL 11916864, at *1 (D.N.J. Oct. 13, 2023), *aff'd*, No. 23-2943, 2024 WL 4003331 (3d Cir. Aug. 30, 2024).  This action was originally filed in the Superior Court of New Jersey in 2016.  ECF No. 8 ¶ 4.  The Superior Court entered a "final judgment" of foreclosure in June 2022 for Defendants' property located at 23 Independence Trail in Totowa, New Jersey.  *Id.* ¶ 1, 11.  Shim removed this case from state court on July 24, 2025.  ECF No. 1.  This is the fourth such removal with the previous three filed by Mo.  *See* 23-cv-01245 (D.N.J.); 24-cv-10935 (D.N.J.); 25-cv-02225 (D.D.C.); and

**WHEREAS** in a previous iteration of this "never-ending" litigation, the Honorable Madeline Cox Arleo barred Mo from filing any "removals or new actions . . . without first seeking permission" from the Court.  *In Re Mo*, 2023 WL 11916864, at *8; *see also SBC Bank USA, Nat'l Assoc. as Trustee for Wells Fargo Asset Secs. Corp., Mortgage Pass Through Certificates, Series 2007-11 v. Sung Ho Mo*, No. 24-10935 (D.N.J. Apr. 24, 2025), ECF No. 17 (Judge Arleo reiterating the same order).  This action appears to have been filed without permission of the Court. *See* ECF No. 30 (ordering Mo to submit proof that he filed motions with Judge Arleo's permission in this case).  Although Defendants' Second Notice of Removal is entitled "Amended Defendant Dae Sung Shim's Second Notice of Removal," Mo signed the notice of removal and Defendants' opposition brief to the instant motion.  *See* ECF No. 8 at 19; ECF No. 15 at 24.  As such, Defendants' removal appears to be an attempt to circumvent Judge Arleo's prior order; and

2

**WHEREAS** regardless of whether Mo is in violation of Judge Arleo's order, the removal is untimely.  Under 28 U.S.C. § 1446, the removal of a civil action must be filed within thirty days of the defendant receiving notice of the suit.   28 U.S.C. § 1446(b)(1).  This removal is untimely as Defendants have litigated this case for years with the initial complaint filed in state court in 2016.  ECF No. 8 ¶ 4; and

**WHEREAS** Plaintiff also moves for fees and costs incurred in connection with filing this motion pursuant to 28 U.S.C. § 1447(c).  ECF No. 10 at 17–19.  At this juncture, the Court refrains from awarding fees and costs, and reserves the right to award such fees and costs should Defendants continue to submit improper filings and removals.  *See, e.g.*, *Hersh v. State Farm Fire & Cas. Co.*, No. 24-6809, 2025 WL 52206, at *5 (D.N.J. Jan. 9, 2025) ("The Supreme Court has explained that under Section 1447(c) an award of attorney fees resulting from a remand is discretionary upon the district court's judgment." (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005))).

Accordingly, **IT IS** on this 29th day of April 2026,

**ORDERED** that Plaintiff's motion to remand (ECF No. 10) is **GRANTED**; and it is further

**ORDERED** that this case shall be remanded to the Superior Court of New Jersey, Chancery Division, Passaic County.  The Office of the Clerk of Court shall immediately mail a certified copy of this Opinion and Order to the Superior Court of New Jersey; and it is further

**ORDERED** that the Office of the Clerk of Court shall close this matter.

**SO ORDERED**.

*s/ Claire C. Cecchi*

_____

**CLAIRE C. CECCHI, U.S.D.J.**